UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDDIE DAVIS HUTCHINS, | CASE NO. 1:12 CV 966 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| BANK OF NEW YORK MELLON, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

**Introduction**

On April 20, 2012, Plaintiff *pro se* Eddie Davis Hutchins filed this action against the Bank of New York Mellon and Carlisle, McNellie, Rini, Kramer & Ulrich Co., LPA. The Complaint (Doc. 1) alleges that a judgment of foreclosure was taken against Plaintiff based on false information that the Defendant bank was the rightful owner of the mortgage loan upon which he was found to have defaulted.[1] A Motion to Stay Writ of Possession (Doc. 2) was filed with the Complaint. Plaintiff asserts violation of his civil rights and conspiracy to violate his civil rights. In addition, he cites admiralty law, the Fair Debt Collection Practices Act, and various criminal statutes in support of his claim.

**Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

---

[1] A judgment of foreclosure was entered on June 7, 2010. The subject real property was sold at sheriff's sale on October 4, 2010, and the sale was approved by the Ohio Common Pleas Court on October 22, 2010. *See, Bank of New York Mellon v. Hutchins*, Cuyahoga County Court of Common Pleas No. CV-09-703398 at http://cpdocket.cp.cuyahogacounty.us/p_CV_Docket.aspx.

statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

### Discussion

This Court cannot vacate the Cuyahoga County Common Pleas Court judgment in question, nor enjoin the execution of the judgment. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a state court case is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see*

*Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293.  The Rooker-Feldman doctrine applies when the party losing her case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.  *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance the law was invalidly or unconstitutionally applied in Plaintiff's particular case, as opposed to a general constitutional challenge to the state law applied in the state action.  *Id.*

In the present action, Plaintiff essentially questions the state court's decision granting foreclosure, and execution of the judgment in that case.  Adjudication of any federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Thus, given the most liberal construction, the Complaint does not contain allegations suggesting Plaintiff might have a valid federal claim, or that there is a reasonable basis for this Court's jurisdiction.  This case is therefore appropriately subject to summary dismissal.  *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

**Conclusion**

Accordingly, the Motion to Stay is denied and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/7/12

-4-